**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 26 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| W. H., individually; et al., | No. 17-35691 |
| Plaintiffs-Appellees, | D.C. No. 3:16-cv-05273-BHS |
| v. | |
| OLYMPIA SCHOOL DISTRICT, a public corporation; et al., | MEMORANDUM[*] |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted August 30, 2018
Seattle, Washington

Before: McKEOWN, W. FLETCHER, and GOULD, Circuit Judges.

Barbara Greer, William Lahmann, Jennifer Priddy, and Frederick Stanley

appeal the denial of summary judgment with respect to their claims of qualified

immunity. Although a denial of summary judgment is generally not appealable,

limited interlocutory review is permitted to determine whether the facts, taken in

the light most favorable to the non-moving party, "show a violation of clearly

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

established law." *Robinson v. Prunty*, 249 F.3d 862, 866 (9th Cir. 2001) (quoting *Johnson v. Jones*, 515 U.S. 304, 311 (1995)) (internal quotation marks omitted). We review de novo the denial of qualified immunity. *Johnson v. Bay Area Rapid Transit Dist.*, 724 F.3d 1159, 1168 (9th Cir. 2013). Because the parties are familiar with the facts, we do not repeat them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, reverse in part, and remand for further proceedings.

Gary Shafer, a bus driver with the Olympia School District ("District"), sexually abused dozens of young students, including P.H. and S.A., while driving on his routes and while riding along with other drivers. Stanley and Greer managed the District bus department during this time, received reports from concerned parents regarding inappropriate conduct by Shafer, and were alleged to have been aware of and acquiesced in Shafer's violations of District policies. In 2011, Shafer was arrested and confessed to many details of his abuse spanning several years.

The parents of P.H. and S.A., individually and on behalf of their children, filed suit against the District and individual defendants, who moved for summary judgment on the grounds they were entitled to qualified immunity. To determine whether a defendant is entitled to qualified immunity, we ask whether "[t]aken in the light most favorable to the party asserting the injury, [ ] the facts alleged show

2

the officer's conduct violated a constitutional right," and whether that right was "clearly established" at the time of the alleged violation. *Saucier v. Katz*, 533 U.S. 194, 201 (2001), *receded from on other grounds by Pearson v. Callahan*, 555 U.S. 223, 236 (2009). To be "clearly established," the "contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

The constitutional right of a child to be free from sexual abuse was clearly established prior to Shafer's employment with the District. *Plumeau v. Sch. Dist. No. 40 Cty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) ("[T]he Constitution protects a child's right to be free from sexual abuse by school employees while attending public school."). However, none of the individual defendants directly participated in the abuse of P.H. or S.A., so the question is whether they can be liable in their supervisory capacity. "A defendant may be held liable as a supervisor under § 1983 if there exists . . . a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Henry A. v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012) (quoting *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011)). Supervisory liability stems from "culpable action or inaction in the training, supervision or control of [ ] subordinates, . . . acquiescence in the constitutional deprivations of which the complaint is made, or for conduct that showed a reckless or callous indifference to the rights of others." *Preschooler*

*II v. Clark Cty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting

*Menotti v. City of Seattle*, 409 F.3d 1113, 1149 (9th Cir. 2005)).

In light of the totality of information available to Stanley and Greer, a jury

could reasonably conclude that their failure to investigate, supervise, or intervene

indicated "acquiescence or culpable indifference" that would trigger liability.

*Menotti*, 409 F.3d at 1149. The district court correctly held that they are not

entitled to qualified immunity and denied summary judgment because there were

triable issues as to whether they sustained a policy, practice, or custom of

deliberate indifference toward repeated sexual abuse that was a "moving force"

behind the injuries of P.H. and S.A.

A different conclusion is warranted as to Lahmann and Priddy. Lacking any

knowledge, either real or constructive, of Shafer's misconduct until after his arrest,

which post-dates the abuse, Lahmann and Priddy could not have acquiesced or

been recklessly indifferent to his abuse. *See Menotti*, 409 F.3d at 1149. There is

no "causal connection" between any of their actions (or failures to act) and the

abuse suffered by P.H. and S.A. *Henry A.*, 678 F.3d at 1003. Lahmann and Priddy

are entitled to qualified immunity, and the district court erred in concluding

otherwise.[1]

---

[1] The district court correctly held that all individual defendants were entitled
to qualified immunity as to an alternate theory of liability, *i.e.*, that the failure to
timely disclose the reported abuse to P.H.'s and S.A.'s families delayed their

4

**AFFIRMED IN PART, REVERSED IN PART, and REMANDED. Each party shall bear its own costs on appeal.**

---

psychiatric treatment and prevented their parents from exercising their parental rights to seek such medical attention for their children. As the district court noted, there is no authority suggesting students have "a clearly established right . . . to have school officials report [ ] abuse . . . in order to put them on notice of the potential need for psychiatric treatment." Likewise, "we are aware of no case with even loosely analogous facts that might suggest that officials investigating allegations of child abuse have a constitutional duty to inform the alleged victim's parents." *James v. Rowlands*, 606 F.3d 646, 652 (9th Cir. 2010). Because the rights underlying this theory of liability are not "clearly established," qualified immunity bars any such claim.